IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

JOSEPH WELTY,                         )
                                      )    Civil Action No:
            Plaintiff,                )    2:24-cv-00521-WSH-CBB
                                      )
    vs.                               )    W. Scott Hardy
                                      )    United States District Judge
ANGELA WALTERS, JOHN                  )
MCNATT,                               )    Christopher B. Brown
                                      )    United States Magistrate Judge
            Defendants.               )
                                      )

**REPORT AND RECOMMENDATION**

**CHRISTOPHER B. BROWN, United States Magistrate Judge.**

## I.    Recommendation

This civil action was initiated by pro se Plaintiff Joseph Welty ("Welty")

proceeding *in forma pauperis* against Defendants John McNatt and Angela Waters.

For the reasons that follow, it is respectfully recommended that the Court dismiss

Welty's claims with prejudice for failure to prosecute pursuant to Fed. R. Civ. P.

41(b).

## II.    Report

On April 8, 2024, Welty filed a motion for leave to proceed *in forma pauperis*

which was granted on April 26, 2024. ECF Nos. 1, 3.  His complaint was filed on

April 26, 2024. ECF No. 4.  Welty alleges that Defendant McNatt is his landlord

and wrongfully evicted Welty because he "is gay" and "on the Megan['s] law." ECF

No. 4 at 3.  Plaintiff indicates that Defendant Waters is "violating my privacy by

hearing my conversation on the phone with her security camera." *Id.*   His

complaint was pre-screened pursuant to 28 U.S.C. § 1915A for failure to conform

with the joinder rules of Fed. R. Civ. P. 20 and Welty was ordered to file an

amended complaint by July 8, 2024. ECF No. 6 at 2.  Welty did not file an amended

complaint by that deadline and took no further action in the case.

Because of Welty's inaction, on August 22, 2024, the Court issued a show

cause order for failure to file an amended complaint or otherwise take action in this

case and ordered Welty to respond to the show cause order by September 23, 2024

and "file a notice of his intention to proceed with this lawsuit and shall show cause

as to why this case should not be dismissed for failure to prosecute." ECF No. 7 at 1.

All orders were sent to Welty's address of record and no mailings have been

returned to the Court as undeliverable.  Welty has not responded to the show cause

order, filed a change of address, nor has he taken any further action in this case.

Plaintiff is no stranger to litigation in federal court and has filed at least eleven

lawsuits in this Court.[1]

---

[1]      Plaintiff's civil cases include the following: *WELTY v. BURK*, 2:18-cv-1151-
CRE (W.D.Pa.) (voluntarily dismissed); *WELTY v. McCLURE*, 2:20-cv-810-CRE
(W.D.Pa. 2020) (administratively closed for failure to provide service documents);
*WELTY v. MESH COMPANY, et al.*, 2:21-cv-765-WSH-CRE (W.D.Pa. 2021) (claims
dismissed preservice with prejudice); *WELTY v. DONKEWICZ et al.*, 2:21-cv-1843-
WSH-CRE (W.D.Pa. 2021) (voluntarily dismissed); *WELTY v. KMETZ et al.*, 2:21-
cv-1854-CRE W.D.Pa. 2021) (voluntarily dismissed); *WELTY v. ANDERSON et al.*,
2:22-cv-413-CRE (W.D.Pa. 2022) (claims settled); *WELTY v. RITENOUR et al.*,
2:22-cv-1004-WSH-CRE (W.D.Pa. 2022) (voluntarily dismissed); *WELTY v.
MORRIS, et al.*, 2:22-cv-01790-CRE (W.D.Pa. 2022) (administratively closed for
failure to provide Court with current address); *WELTY v. C/O GLOBAL TEL LINK
CORPORATION*, 2:22-cv-01891-WSH-CRE (W.D.Pa. 2022) (claims dismissed
preservice with prejudice); *WELTY v. HINTEMEYER*, 2:23-cv-00151-WSH-CRE
(W.D.Pa. 2023) (claims dismissed preservice with prejudice); and *WELTY v.
WALTERS et al.*, 2:24-cv-00521-WSH-CBB (W.D.Pa. 2024).

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)). Specifically, Plaintiff's failure to comply with a Court order constitutes a failure to prosecute this action, and therefore, this action is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a case, whether the plaintiff is proceeding pro se or otherwise, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with an order of the court. The United States Court of Appeals for the Sixth Circuit has commented that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Thus, a pro se litigant's failure to comply with a court order is not the same as "inartful pleading or [a] lack of legal training." *Id.* at 110.

Additionally, the United States Court of Appeals for the Third Circuit has

established a six-factor balancing test to guide a court's analysis as to whether to

dismiss a claim as a sanction:

(1)      extent of the party's personal responsibility;

(2)      prejudice to the adversary caused by the failure to meet
scheduling orders and respond to discovery;

(3)      a history of dilatoriness;

(4)      whether the conduct of the party or the attorney was willful or in
bad faith;

(5)      effectiveness of sanctions other than dismissal, which entails an
analysis of alternative sanctions; and

(6)      meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (the "*Poulis*

factors"). In weighing the *Poulis* factors, the Court must analyze the factors in light

of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny

Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019). Our appellate court has emphasized that

dismissals with prejudice or defaults are drastic sanctions. Although a court must

balance the six factors, it need not find that all factors are met before dismissing an

action with prejudice. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d

Cir. 1992) (applying some or all of the six-part test in reviewing sanction orders that

deprive a party of the right to proceed with or defend against a claim) (abrogated on

other grounds); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (finding it is

not necessary that all of the factors point toward a default before that sanction will be upheld).

A review and assessment of the *Poulis* factors weighs heavily in favor of dismissing this action based on Welty's failure to prosecute and failure to comply with Court Orders. Factors 1, 2 and 4 all relate to Welty's own failure to comply with Court Orders and weighs heavily against him. Specifically as for Factor 2, although Defendants have not been served in this case, by failing to respond to this Court's Orders, disposition of this matter has been unduly delayed. As for Factor 3, Welty has made no effort to move this case forward and has ignored two of this Court's Orders, including a Show Cause Order that informed him that his failure to respond would result in the undersigned recommending that this action be dismissed with prejudice for failure to prosecute. ECF No. 7 at 2. It is the undersigned's view that this is sufficient evidence to indicate that Welty does not intend to proceed with this case and this factor weighs heavily in favor of dismissal. Factor 5 also weighs in favor of dismissal, as there are no alternative sanctions which would adequately punish Welty for his failure to prosecute his case and comply with Court Orders; imposing a monetary sanction against Welty who is proceeding *in forma pauperis* would not be effective as he appears impecunious. Factor 6 is neutral because at this early stage of the litigation and with the dearth of information provided in Welty's complaint, it is difficult to assess the meritoriousness of his claims.

On balance, four *Poulis* factors weigh heavily in favor of dismissal, one factor weighs in favor of dismissal and one factor is neutral.  Given this, it is respectfully recommended that the Court dismiss Welty's claims with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### III.   Conclusion

Based on the above, it is respectfully recommended that the Court dismiss Welty's claims with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72, and the Local Rules for Magistrates, Welty has until **November 5, 2024** to object to this report and recommendation.  Failure to file timely objections will waive any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: October 17, 2024.

> Respectfully submitted,
> s/Christopher B. Brown
> United States Magistrate Judge

cc:     Honorable W. Scott Hardy
        United States District Judge
        *via electronic filing*

        JOSEPH WELTY
        222 Bobtail St.
        Apt B
        Mt. Pleasant, PA 15666