IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH WELTY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-521 |
| | ) | |
| v. | ) | |
| | ) | District Judge W. Scott Hardy |
| ANGELA WALTERS and | ) | Magistrate Judge Christopher B. Brown |
| JOHN McNATT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge Christopher B. Brown on October 17, 2024. (Docket No. 8). By way of background, *pro se* Plaintiff Joseph Welty filed a motion for leave to proceed *in forma pauperis* on April 8, 2024, which was granted on April 26, 2024. (Docket Nos. 1, 3). Plaintiff's complaint, which was filed on April 26, 2024, was pre-screened pursuant to 28 U.S.C. § 1915A for failure to conform with the joinder rules of Fed. R. Civ. P. 20 and he was ordered to file an amended complaint by July 8, 2024. (Docket Nos. 4; 6 at 2). Plaintiff did not file an amended complaint by that date, and he took no further action in the case. Accordingly, on August 22, 2024, Judge Brown issued an Order to Show Cause by September 23, 2024 why this case should not be dismissed for Plaintiff's failure to prosecute. (Docket No. 7 at 1). Plaintiff failed to respond to the Order to Show Cause.

Given the foregoing, the R&R recommends that this case should be dismissed with prejudice for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*See* Docket No. 8 at 1, 6). Service of the R&R was made on Plaintiff by mail, and he was informed

1

that any objections were due by November 5, 2024. (*Id.* at 6). Thereafter, Plaintiff did not file any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). Here, however, because no party filed any objections to the R&R, which explicitly states that "[f]ailure to file timely objections will waive any appellate rights," (Docket No. 8 at 6), this Court reviews the magistrate judge's decision for plain error. *See Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In this case, upon careful review of the R&R and the entire record and finding no plain error on the face of the record, the Court will accept Judge Brown's recommendation and adopt the R&R as the Opinion of the Court. In so ruling, the Court agrees with Judge Brown's determination that this case should be dismissed with prejudice for Plaintiff's failure to prosecute in view of the factors the Court is to consider pursuant to *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).[1] As Judge Brown correctly observed in the R&R: Plaintiff is proceeding *pro se*, thus he bears all responsibility for prosecuting this case and complying with the Court's orders; although Defendants have not been served in this case, disposition of this matter

---

[1] Those factors include the following: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868.

has been unduly delayed by Plaintiff's failure to respond to this Court's orders; Plaintiff has made no effort to move this case forward, and he has ignored the Court's orders, including the Order to Show Cause, which informed him that failing to respond could result in the dismissal of this action with prejudice; and, there is no indication on the record that the imposition of monetary sanctions likely would be an effective sanction. (Docket No. 8 at 5). Given that the *Poulis* factors weigh in favor of dismissal, this case will be dismissed with prejudice.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 4th day of December, 2024, IT IS HEREBY ORDERED that the R&R, (Docket No. 8), is ADOPTED as the Opinion of the Court. For the reasons set forth in the R&R, IT IS FURTHER ORDERED that the instant action is DISMISSED with prejudice for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   Joseph Welty (via U.S. mail)
          222 Bobtail Street
          Apt. B
          Mt. Pleasant, PA  15666